# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 22-CR-00199-JB-B |
| | ) | |
| KENNESHIA DAVIS | ) | |
| aka KENESHIA DAVIS | | |

## PLEA AGREEMENT

The defendant, **KENNESHIA DAVIS**, represented by her counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1.    The defendant understands her rights as follows:

    a.    To be represented by an attorney;

    b.    To plead not guilty;

    c.    To have a trial by an impartial jury;

    d.    To confront and cross-examine witnesses and to call witnesses and produce other evidence in her defense; and

    e.    To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.    The defendant waives rights b through e, listed above, and pleads guilty to Count One of the Indictment, charging a violation of Title 26, United States Code, Section 7206(1), False or Fraudulent Statements on Tax Return.

3.    The defendant understands that the statements she makes under oath in the plea of guilty must be completely truthful and that she can be prosecuted for making false

1

statements or perjury, or receive a perjury enhancement at sentencing, for any false statements she makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon her statements here and her response to any questions that she may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. She is certain that she is in full possession of her senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. She has discussed the facts of the case with her attorney, and her attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against her. The defendant's attorney has also explained to the defendant the attorney's understanding of the United States' evidence and the law as it relates to the facts of her offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and her counsel have discussed possible defenses to the charge. The defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice of her attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or

Rev. 9/2021

Factual Resume initialed only by the defendant and her counsel are not part of this agreement and are not agreed to by the United States.

9.    This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement.  There have been no promises from anyone as to the particular sentence that the Court will impose.  The defendant is pleading guilty because she is guilty.

10.    The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter.  This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

### **PENALTY**

11.    The maximum penalty the Court could impose as to Count One of the Indictment is:

a.    Three (3) years' imprisonment;

b.    A fine not to exceed $100,000;

c.    A term of supervised release of three (3) years, which would follow any term of imprisonment.  If the defendant violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

d.    A mandatory special assessment of $100.00; and

3

e.      Such restitution as may be ordered by the Court.

**<u>SENTENCING</u>**

12.    The Court will impose the sentence in this case.  The United States Sentencing Guidelines are advisory and do not bind the Court.  The defendant has reviewed the application of the Guidelines with her attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation.  The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines.  The defendant understands that she will not be allowed to withdraw her guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

13.    The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14.    The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation.  Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

15.    Both the defendant and the United States are free to allocute fully at the time of sentencing.

Rev. 9/2021

16.     The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case.  The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of her sentencing.

**RESTITUTION**

17.     Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory.  The defendant agrees to make full restitution in an amount to be determined by the Court at sentencing.

**FORFEITURE**

18.     The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal or collateral attack.

5

Rev. 9/2021

## FINANCIAL OBLIGATIONS

19.    The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

20.    The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

21.    The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court.

22.    This Plea Agreement shall not be construed as binding upon any other division of the Internal Revenue Service.

Rev. 9/2021

## LIMITED WAIVER OF RIGHT TO APPEAL AND
## WAIVER OF COLLATERAL ATTACK

23.    As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge her guilty plea, conviction, or sentence in any district court or appellate court proceedings.

    a.    **EXCEPTIONS.**  The defendant reserves the right to timely file a direct appeal challenging:

        (1)    any sentence imposed in excess of the statutory maximum;

        (2)    any sentence which constitutes an upward departure or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

24.    If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

25.    The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

26.    If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense

Rev. 9/2021

counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

27.    The defendant understands that if she breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant.  In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge.  In such event, the defendant agrees not to assert any objections to prosecution that she might have under the Sixth Amendment and/or Speedy Trial Act.

28.    In addition, if the defendant is released from detention prior to sentencing, she understands that the United States will no longer be bound by this agreement if she violates any condition of her release prior to sentencing or prior to serving her sentence after it is imposed.

## ENTIRETY OF AGREEMENT

29.    This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,
SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date:  November 22, 2023        */s/ Kasee S. Heisterhagen*
Kasee S. Heisterhagen
Assistant United States Attorney

8

Rev. 9/2021

Date: __November 22, 2023__          /s/ Kacey Chappelear
                                     Kacey Chappelear
                                     Assistant United States Attorney
                                     Deputy Chief, Criminal Division


        I have consulted with my counsel and fully understand all my rights with respect to the

offense charged in the Indictment pending against me.  I have read this Plea Agreement and

carefully reviewed every part of it with my attorney.  I understand this agreement, and I

voluntarily agree to it.  I hereby stipulate that the Factual Resume, incorporated herein, is true

and accurate in every respect, and that had the matter proceeded to trial, the United States could

have proved the same beyond a reasonable doubt.


Date: 11/27/23                       KENNESHIA DAVIS
                                     Defendant


        I am the attorney for the defendant.  I have fully explained her rights to her with respect

to the offense(s) charged in the Indictment in this matter.  I have carefully reviewed every part of

this Plea Agreement with her.  To my knowledge, her decision to enter into this agreement is an

informed and voluntary one.  I have carefully reviewed the Factual Resume, incorporated herein,

with the defendant and to my knowledge, her decision to stipulate to the facts is an informed,

intelligent and voluntary one.


Date: 11/27/23                       Dennis Knizley
                                     Attorney for Defendant

Rev. 9/2021

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 22-CR-00199-JB-B** |
| | ) | |
| KENNESHIA DAVIS | ) | |

## FACTUAL RESUME

The defendant, **KENNESHIA DAVIS**, admits the allegations of Count One of the Indictment.

## ELEMENTS OF THE OFFENSE

**KENNESHIA DAVIS** understands that in order to prove a violation of Title 26, United States Code, Section 7206(1), as charged in Count One of the Indictment, the United States must prove:

(1)    The person made and subscribed a return which was false as to a material matter;

(2)    The return contained a written declaration that it was made under the penalties of perjury;

(3)    The maker did not believe the return to be true and correct as to every material matter; and

(4)    The maker acted willfully.

## OFFENSE CONDUCT

Defendant, **KENNESHIA DAVIS**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **KENNESHIA DAVIS's** plea of guilty. The statement of facts does not contain each and every fact known to

1

**KENNESHIA DAVIS** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

    **KENNESHIA DAVIS** and Brandy Davis are cousins who own Davis Tax Service (DTS) as equal partners. DTS has been in business since 2013 and has three locations in Mobile, AL, within the Southern District of Alabama. **KENNESHIA DAVIS** also owns and operates several other businesses in and around Mobile, AL. Between 2015 and 2017, DTS prepared roughly 5,000 tax returns for clients. **KENNESHIA DAVIS** prepared and filed her own tax returns during all relevant times and reported on her U.S. Individual Income Tax Return, Form 1040s, that her income was $15,831 in tax year 2016 and $20,102 in tax year 2017. **DAVIS** did not fully report income from DTS.

    IRS Records show that DTS had revenue from operating the tax business broken down by year as follows:

| TAX YEAR | 2015 | 2016 | 2017 |
|---|---|---|---|
| **Gross Rec't** | **$833,979.00** | **$1,767,689.00** | **$798,147.00** |
| Less Reported Gross Rec't | $298,550.00 | $336,036.00 | $0.00 |
| Equals Unreported Gross Rec't | $535,429.00 | $1,431,653.00 | $798,147.00 |
| Less Unclaimed Deductions | $0.00 | $0.00 | $218,082.00 |
| Add reported Ord. Bus. Income | $83,200.00 | $36,152.00 | $0.00 |
| Corrected Ord. Bus. Income | $618,629.00 | $1,467,805.00 | $580,065.00 |
| **Partner's 50% Share of DTS Rev.** | **$309,314.00** | **$733,903.00** | **$290,033.00** |

2

**DAVIS** disputes the IRS records above regarding the total amount of unreported income and taxes owed, and the parties agree that the Court will make a determination as to the total tax liability based on evidence presented at the sentencing hearing.

**DAVIS** willfully submitted her tax returns, which contained written declarations that they were made under penalty of perjury, knowing that they were not true and accurate as to certain material facts, specifically, the amount of her annual income during the stated tax years.

AGREED TO AND SIGNED.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date:  November 22, 2023          */s/ Kasee S. Heisterhagen*
                                  Kasee S. Heisterhagen
                                  Assistant United States Attorney

Date:   November 22, 2023         */s/ Kacey Chappelear*
                                  Kacey Chappelear
                                  Assistant United States Attorney
                                  Deputy Chief, Criminal Division

3

Rev. 9/2021

Date: 11/27/23

**KENNESHIA DAVIS**
Defendant

Date: 11/27/23

Dennis Knizley
Attorney for Defendant

4

Rev. 9/2021